# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSE DIEGO DIAZ-REYES,<br><br>Defendant. | Case No. 2:24-mj-05173<br><br>ORDER OF DETENTION |

On August 27, 2024, Defendant Jose Diego Diaz-Reyes made his initial appearance on an Indictment filed in the District of Utah. The Office of the Federal Public Defender, and specifically DFPD Adam Olin, was appointed to represent Defendant. Mr. Diaz-Reyes submitted on the recommendation of the Pretrial Services Report.

The Court makes the following findings:

1 ☒ On motion of the Government [18 U.S.C. § 3142(f)(1)] in a case allegedly involving a narcotics or controlled substance offense with maximum sentence of ten or more years.

☐ On motion by the Government or on the Court's own motion [18 U.S.C. § 3142(f)(2)] in a case allegedly involving a serious risk that the defendant will flee.

The Court concludes that the Government is entitled to a rebuttable presumption that no condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety or any person or the community [18 U.S.C. § 3142(e)(2)].

The Court finds that no condition or combination of conditions will reasonably assure: ☒ the appearance of the defendant as required.

☐ the safety of any person or the community.

The Court has considered: (a) the nature and circumstances of the offense(s) charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (b) the weight of evidence against the defendant; (c) the history and characteristics of the defendant; and (d) the nature and seriousness of the danger to any person or the community. [18 U.S.C. § 3142(g)] The Court also considered the report and recommendation of the U.S. Pretrial Services Agency.

The Court bases its conclusions on the following:

As to risk of non-appearance:

Given the nature of the charges, there is a rebuttable presumption that detention is appropriate in this case. The Court finds that presumption is not rebutted here. Mr. Diaz-Reyes lacks stable housing at the moment. His wife and children live in Mexico, and Mr. Diaz-Reyes has no status in this country. As of the time of the hearing, there was no verified individual who was prepared to submit an affidavit of surety on Mr. Diaz-Reyes's behalf. He came to the United States only

two years ago, his ties to this District are minimal, and his ties to Utah appear, based on the information in the Pretrial Services Report, to be non-existent.

As to danger to the community:

The Court makes no findings, because the risk of non-appearance is sufficient to warrant detention.

IT IS THEREFORE ORDERED that the defendant be detained until trial. The defendant will be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant will be afforded reasonable opportunity for private consultation with counsel. On order of a Court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility in which defendant is confined will deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding. [18 U.S.C. § 3142(i)]

Dated: August 27, 2024

/s/
BRIANNA FULLER MIRCHEFF
UNITED STATES MAGISTRATE JUDGE